UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MICHAEL TRACY WALKER,

                Petitioner,

                **REPORT AND RECOMMENDATION**
                **21 CV 7217 (KAM)(LB)**

    - against -

LILLY J. LYNN,
                Respondent.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Petitioner, Michael Tracy Walker, files this *pro se* petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2017 Kings County Supreme Court conviction of Attempted Robbery in the Second Degree and Burglary in the Third Degree. Pet., ECF No. 1. The Honorable Kiyo A. Matsumoto referred this petition to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is respectfully recommended that the petition should be denied.

## BACKGROUND

**I.    The Underlying Crimes**

       On August 15, 2017, petitioner pled guilty to Attempted Robbery in the Second Degree and Burglary in the Third Degree. Pet., ECF No. 1 at 1; Tr. of Pet'r's Plea Proceeding, ECF No. 8 at 6, 12. Petitioner was sentenced to twelve years to life in prison.[1] Tr. of Pet'r's Plea Proceeding, ECF No. 8 at 13–14.

       The underlying crimes occurred on September 13, 2016, and January 8, 2017. On September 13, 2016, petitioner knowingly entered or remained unlawfully in a building with the

---

[1] Petitioner was sentenced on two indictments; the second sentence of three and a half to seven years was imposed to run concurrently. Tr. of Pet'r's Plea Proceeding, ECF No. 8 at 14.

intent to commit a crime therein. Id. at 12. On January 8, 2017, petitioner attempted to forcibly steal property from a jewelry store located at 1058 Coney Island Avenue in Brooklyn and injured a store employee during the attempted robbery. Id.; Resp't Aff. & Mem. of Law, ECF No. 7 at 2. The jewelry store incident was captured on surveillance video. See Decision and Order Den. Pet'r's Mot. to Vacate the J. of Conviction, ECF No. 8 at 267–269 [hereinafter N.Y. C.P.L. § 440.10 Decision]. Respondent provides the following overview of the incident: on January 8, 2017, at approximately 7:37 p.m., petitioner entered the jewelry store, pulled out a gun, and ordered two of the store's employees, Zafar Iqbal and Nazia Parveen, to get on the ground. Resp't Aff. & Mem. of Law, ECF No. 7 at 2. Petitioner hit Iqbal on the back of the head with the gun. Id. He then led Iqbal and Parveen to a safe at the back of the store. Id. Iqbal told petitioner the safe was locked, and petitioner beat him over the head with the gun. Id. Parveen screamed, and petitioner struck her on the head with the gun. Id. Petitioner opened the safe, which was unlocked, removed jewelry from it, and put the jewelry in a plastic bag. Id. As petitioner tried to flee, he was subdued by Iqbal and five good Samaritans. Id. At the time of his arrest, petitioner was in possession of the gun and jewelry. Id.

## II. Procedural History

Petitioner first moved to set aside the sentence under N.Y. C.P.L. § 440.20.[2] N.Y. C.P.L. § 440.20 Decision, ECF No. 8 at 180.

---

[2] The only motion to set aside the sentence in the record is petitioner's first motion to set aside the sentence, which is dated Jan. 11, 2018. ECF No. 8 at 80–92. On March 29, 2018, petitioner conceded that the basis of his Jan. 11 motion was meritless and made a second motion to set aside the sentence, in which he argued that his sentence was unauthorized and illegally imposed. Decision and Order Den. Pet'r's Mot. to Set Aside the Sentence, ECF No. 8 at 180 n.1, 185 [hereinafter N.Y. C.P.L. § 440.20 Decision]. In his March 29 motion to set aside the sentence, petitioner raised two claims. First, he argued that his sentence should be vacated because the sentencing court failed to orally pronounce that petitioner should have been sentenced as a predicate violent felony offender. Id. at 180. Second, he argued that the attorney who represented him at sentencing in his 2007 conviction (for Assault in the Second Degree) and the attorney who represented him at sentencing in his 2017 conviction (for Attempted Robbery in the Second Degree and Burglary in the Third Degree) were both ineffective. Id. at 180, 182. As to the latter

2

The state court denied the motion.³ Id. Petitioner later moved to vacate the judgment of conviction under N.Y. C.P.L. § 440.10. Pet'r's Mot. To Vacate the J. of Conviction, ECF No. 8 at 187. The state court likewise denied the motion. N.Y. C.P.L. § 440.10 Decision, ECF No. 8 at 265.

Before perfecting his direct appeal in state court, petitioner filed a petition seeking a writ of habeas corpus challenging his 2017 conviction in this Court.⁴ Pet. for Writ of Habeas Corpus, ECF No. 8 at 272. On May 26, 2020, the petition was dismissed without prejudice for petitioner's failure to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1)(a).⁵ Order, ECF No. 1-1 at 6. Petitioner was advised that he could file a new petition once he exhausted his claims in state court. Id.

---

counsel, petitioner claims that counsel failed to raise that petitioner's Record of Arrests and Prosecutions ("RAP") did not reflect any prior conviction for a violent felony. Id. at 180. Petitioner argues that the absence of the word "violent" on his RAP supports his claim that his sentence as a predicate *violent* felony offender was illegal and unauthorized. Id. However, the March 29 motion is not part of the record herein; thus, the arguments petitioner raises in that motion, which are related to the grounds of his instant petition and referenced in other documents, are not directly cited. In lieu of citing to the motion, the Court cites to the May 30, 2018, order of the Kings County Supreme Court denying the March 29 motion.

³ The state court found that petitioner was properly adjudicated as a persistent violent felony offender because his prior convictions of Robbery in the Second Degree and Assault in the Second Degree qualify as predicate violent felony convictions, and he falls within the definition of a persistent violent felony offender pursuant to New York Penal Law. N.Y. C.P.L. § 440.20 Decision, ECF No. 8 at 182–83. The state court also found that the sentencing court record belied petitioner's claim that his sentence was unauthorized and illegally imposed on the ground that the sentencing court failed to orally pronounce that he was being sentenced as a predicate violent felony offender. Id. at 183–84. Petitioner's ineffective counsel claim was denied as the court found that petitioner's counsel in both the 2007 case and the 2017 case provided him meaningful representation and that petitioner had failed to show that he suffered any actual prejudice. Id. at 184–85.

⁴ Petitioner challenged his conviction on the following grounds: (1) that the lower court erred in adjudicating petitioner a persistent violent felony offender; (2) ineffective assistance of counsel; (3) that the state courts erred in failing to appoint a defense counsel knowledgeable about the Americans with Disabilities Act; and (4) that he was denied meaningful access to the courts. Def.'s Pet. for Writ of Habeas Corpus, ECF No. 8 at 274–75.

⁵ Petitioner's appeal of the Court's Order was dismissed by the United States Court of Appeals for the Second Circuit. ECF No. 1-1 at 6.

3

Petitioner appealed his conviction to the New York Appellate Division, Second Department, arguing, *pro se*, that: (1) he was precluded from access to assistive devices for his visual impairment and thereby unable to effectively investigate his indictment, rendering his guilty plea involuntary; (2) he was wrongly adjudicated a persistent violent felony offender; and (3) his counsel was ineffective on several grounds, including that she failed to accurately calculate his sentencing exposure during plea negotiations, failed to educate herself on the Americans with Disabilities Act and the Rehabilitation Act, and prevented petitioner from obtaining assistive devices for his visual impairment. Pet'r's Appellate Br., ECF No. 8 at 34, 38, 40, 42, 44.

The Appellate Division, Second Department, affirmed the conviction on December 30, 2020. People v. Walker, 189 A.D.3d 1619 (N.Y. App. Div. 2020). The appellate court found that petitioner's first claim — that he pled guilty involuntarily due to being denied assistive devices for his visual impairment — was unpreserved for appellate review, and in any event, unreviewable on direct appeal as its basis was outside the record. Id. at 1619. The appellate court concluded that petitioner's second claim — that he was improperly adjudicated a persistent violent felony offender — was also unpreserved for appellate review, and that in any event, the lower court properly adjudicated him a persistent violent felony offender. Id. at 1620. The appellate court found that petitioner's ineffective assistance of counsel claim was precluded due to his plea agreement's valid waiver of his right to appeal, except to the extent that the alleged ineffective assistance affected the voluntariness of his plea. Id. at 1619–20. However, the appellate court declined to review the claim on direct appeal since it could not be resolved without reference to matters outside the record, finding that a motion to vacate the judgment of conviction (N.Y. C.P.L. § 440.10) was the appropriate mechanism for review. Id. at 1620. The

4

appellate court noted that although petitioner had moved under § 440.10, the issues raised in the motion were not properly before the Appellate Division, because petitioner was denied leave to appeal from the order denying his motion. Id. Finally, the Appellate Division found petitioner's remaining claims were outside the record on appeal and not properly before the appellate court. Id.

Petitioner's leave application to the New York Court of Appeals was denied on July 8, 2021. People v. Walker, 37 N.Y.3d 975 (2021).

### III.   Instant Petition

Petitioner timely filed the instant *pro se* petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. Pet., ECF No. 1. Petitioner challenges his conviction on the same grounds he presented on direct appeal: (1) that his sentence as a persistent violent felony offender was unauthorized; (2) that his counsel was ineffective in that she instructed him not to controvert his prior conviction of Assault in the Second Degree, which he claims was unauthorized for predicate sentencing purposes; and (3) that his counsel was not trained under the Americans with Disabilities Act or the Rehabilitation Act and failed to afford him reasonable accommodations for his visual impairment. Id. at 5–6, 8. Respondent opposes the petition. Resp't Aff. & Mem. of Law, ECF No. 7.

## DISCUSSION

### I.   Standard of Review

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that "a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under AEDPA,

5

the reviewing court may only grant a habeas petition if the claim "was adjudicated on the merits in State court proceedings" and the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "This is a 'difficult to meet' . . . and 'highly deferential standard[,]'" and review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (citations omitted). Moreover, a state court's factual findings "shall be presumed to be correct unless the petitioner rebuts that presumption by clear and convincing evidence." Fernandez v. Capra, 916 F.3d 215, 221 n.1 (2d Cir. 2019) (citing § 2254(e)(1)) (internal quotation marks omitted).

A state court decision is "contrary to" clearly established Federal law if "the state court reached a conclusion of law that directly contradicts a holding of the Supreme Court" or, "when presented with 'facts that are materially indistinguishable from a relevant Supreme Court precedent,' the state court arrived at a result opposite to the one reached by the Supreme Court." Evans v. Fisher, 712 F.3d 125, 132 (2d Cir. 2013) (quoting Williams v. Taylor, 529 U.S. 362, 405 (2000)). A state court decision is an "unreasonable application" of clearly established Federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Court cautions, however, that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." Id. at 410 (emphasis in original); see also Grayton v. Ercole, 691 F.3d 165, 174 (2d Cir. 2012) ("[T]he writ may only issue where the state court's application of the law was not only wrong, but unreasonable."). A federal habeas court may only "issue the writ in cases where there is no possibility fairminded

jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Harrington v. Richter, 562 U.S. 86, 102 (2011).

## II. Petitioner's Claims

### A. Petitioner's Persistent Violent Felony Offender Sentencing Claim

Petitioner claims that he should not have been adjudicated as a persistent violent felony offender because his records, including his sentencing and commitment order, show that he was never sentenced as a predicate violent felony offender. See Pet., ECF No. 1 at 5; Pet.'s Am. Affirmation in Req. for an Evidentiary Hr'g, ECF No. 4 at 1. Specifically, petitioner argues that the sentencing court erred in considering petitioner's prior conviction of Assault in the Second Degree as a predicate violent felony offense and applying that offense to enhance petitioner's sentence for the instant offenses. See Pet'r's Appellate Br., ECF No. 8 at 41–43. Petitioner claims that the enhancement of his sentence was erroneous because his RAP does not reflect that Assault in the Second Degree is a violent felony. Id. at 41.

Respondent argues that petitioner's sentencing claim is not cognizable on habeas review.[6] Resp't Aff. & Mem. of Law, ECF No. 7 at 23. This Court agrees. The question of whether a habeas petitioner was unlawfully adjudicated a persistent felony offender and improperly subjected to recidivist sentencing under New York State law is not cognizable on habeas review. See Saracina v. Artus, 452 Fed. Appx. 44, 46 (2d Cir. 2011) (summary order) (finding that whether a New York court erred in applying a New York recidivist sentencing enhancement

---

[6] In the alternative, respondent argues that even if petitioner's claim were cognizable on habeas review, he is not entitled to habeas relief because the claim is procedurally defaulted, as the Appellate Division concluded that the claim was unpreserved. Resp't Aff. & Mem. of Law, ECF No. 7 at 24. Since, as explained above, this claim is not cognizable on federal habeas review, this Court need not reach respondent's procedural default argument. Respondent further argues that even if petitioner's sentencing claim is not procedurally defaulted, the claim is meritless. Id. at 25. To the extent that this argument pertains to petitioner's ineffective assistance of counsel claim, that claim will be addressed in Point B, infra.

7

statute is a question of New York State law, not a question of fact). See also Roberts v. Griffin, No. 16-CV-5970, 2019 WL 456179, at *7 (E.D.N.Y. Feb. 5, 2019) (finding that petitioner's claim that the sentencing court improperly adjudicated him a persistent violent felony offender and thereby impermissibly enhanced his sentence is a claim "based on the state court's resolution of a question purely of state law and is not cognizable on federal *habeas* review").[7] The Supreme Court has held that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 6768 (1991). Therefore, this claim is not cognizable on habeas review.

**B. Petitioner's Ineffective Assistance of Counsel Claim**

Petitioner claims that he received ineffective assistance of counsel because his court-appointed attorney instructed him not to controvert his prior conviction of Assault in the Second Degree, which he alleges is unauthorized. Pet., ECF No. 1 at 6. Petitioner claims that he was deprived of meaningful representation during his plea negotiations, as his counsel failed to accurately calculate his sentencing exposure. Pet'r's Appellate Br., ECF No. 8 at 34. To support this argument, petitioner claims that his counsel intentionally withheld exculpatory evidence that, had he been represented properly, would have entitled him to a lesser sentence based on his claim that he was never lawfully sentenced as a predicate violent felony offender. Id. at 38.

In applying the Strickland v. Washington 466 U.S. 668 (1984) standard to the facts of his case, petitioner argues that there is a reasonable probability that, but for these alleged unprofessional errors by his counsel (specifically, failing to discover that petitioner's RAP allegedly did not state that Assault in the Second Degree is a violent crime), the result of

---

[7] The Clerk of Court is directed to send petitioner the attached copies of all the unreported cases cited herein.

petitioner's plea and sentencing proceedings would have been different, as he would have challenged the use of his prior conviction to enhance his sentence for the instant offenses. Pet'r's Appellate Br., ECF No. 8 at 45. Respondent argues that petitioner received effective assistance of counsel. Resp't Aff. & Mem. of Law, ECF No. 7 at 28.

To establish a claim of ineffective assistance of counsel, petitioner must show that: (1) counsel's performance was deficient, as demonstrated by a showing that counsel's representation fell below an objective standard of reasonableness, and (2) that petitioner suffered prejudice as a result of counsel's deficient performance, as demonstrated by a reasonable probability that the result of the proceeding would have been different but for counsel's unprofessional errors. See Strickland, 466 U.S. at 687–88, 694. The Strickland standard applies to ineffective assistance claims arising out of the plea bargain process. Hill v. Lockhart, 474 U.S. 52, 57 (1985). In the context of guilty pleas, in order to satisfy the prejudice prong of the Strickland standard, a petitioner who has pleaded guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. The combined deferential standards of review under AEDPA and Strickland create a "doubly" deferential standard of review of ineffective assistance of counsel claims raised by habeas petitioners. See Harrington, 562 U.S. at 105. "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Petitioner's ineffective assistance claim fails both prongs of the Strickland test. First, petitioner fails to satisfy the deficient performance prong of the Strickland test, as he does not demonstrate that counsel's representation fell below an objective standard of reasonableness. See Strickland, 466 U.S. at 687–88. Petitioner claims that he should not have been sentenced as a

9

persistent violent felony offender because his RAP does not reflect that Assault in the Second Degree is a violent felony. See Pet'r's Appellate Br., ECF No. 8 at 40–43. Petitioner's ineffective assistance claim is based on his assertion that his counsel instructed him not to challenge his prior conviction of Assault in the Second Degree. Pet., ECF No. 1 at 6.

Respondent argues that the premise of petitioner's ineffective counsel claim is without merit because it is based on petitioner's erroneous assumption that he was improperly adjudicated a persistent violent felony offender. Resp't Aff. & Mem. of Law, ECF No. 7 at 30. This Court agrees. In denying petitioner's motion to set aside the sentence, the Kings County Supreme Court concluded that petitioner's prior convictions qualify as predicate violent felony convictions and that petitioner falls within the definition of a persistent violent felony offender pursuant to New York Penal Law.[8] N.Y. C.P.L. § 440.20 Decision, ECF No. 8 at 182–83. The state court thus held that petitioner's ineffective assistance of counsel claim was without merit and that counsel provided petitioner with meaningful representation. Id. at 184–85. The Appellate Division found that the lower court properly adjudicated petitioner a persistent violent felony offender. See Walker, 189 A.D.3d at 1620. Where a petitioner's underlying claim "plainly lacks merit," it cannot give rise to a claim of ineffective assistance of counsel. See Aller v. Lape, No. 09-CV-1192, 2011 WL 1827443, at *5 (E.D.N.Y. May 12, 2011); see also Valentin v. Johnson, No. 9:20-CV-1384, 2022 WL 2304172, at *14 (N.D.N.Y. June 27, 2022) (rejecting petitioner's argument that counsel was ineffective for failing to raise a claim the court found to be meritless). Because petitioner's underlying sentencing claim was without merit, his counsel's performance cannot be said to have fallen below an objective standard of reasonableness, and the

---

[8] This Court does not reach the merits of petitioner's sentencing claim because whether petitioner was properly adjudicated a persistent violent felony offender is a question of state law that is not cognizable on federal habeas review. See Point A supra.

10

state court decision rejecting petitioner's ineffective assistance claim is not contrary to or an unreasonable application of clearly established Federal law.

Second, petitioner fails to satisfy the prejudice prong of the Strickland test, as he does not demonstrate that there is a reasonable probability that, but for his counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 59. As stated above, petitioner fails to show that his counsel erred, or that her performance was deficient. Respondent argues that even if petitioner had established that his counsel erred, he fails to establish any reasonable probability that he would not have pleaded guilty but for these alleged errors. Resp't Aff. & Mem. of Law, ECF No. 7 at 31. Citing New York Penal Law, respondent notes that petitioner received an advantageous plea that included a promised sentence that was the minimum allowable sentence for a persistent violent felony offender pleading guilty to a class D felony, and that this favorable plea agreement "completely undermines" petitioner's ineffective assistance claim. Id. at 31–32. Claims of ineffective assistance of counsel in sentencing must be supported by a petitioner showing a reasonable probability that, but for counsel's substandard performance, the petitioner would have received a less severe sentence. Gonzalez v. United States, 722 F.3d 118, 130 (2d Cir. 2013).

Since petitioner has not demonstrated that his counsel's performance was deficient, he cannot demonstrate a reasonable probability that he would not have pleaded guilty but rather would have insisted on going to trial but for counsel's alleged errors. Petitioner fails to establish that he received ineffective assistance of counsel under the highly deferential Strickland and AEDPA standards. See Harrington, 562 U.S. at 105 (citing Strickland, 466 U.S. at 690) (noting that the question in a Strickland inquiry is "whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or

11

most common custom."). The state court's rejection of petitioner's ineffective assistance of counsel claim was not contrary to or an unreasonable application of clearly established Federal law and the petition should be denied.

**C. Petitioner's Americans with Disabilities Act Claim**

Petitioner, who is legally blind, claims that his counsel was not trained under the Americans with Disabilities Act "ADA" or Section 504 of the Rehabilitation Act[9] and failed to afford petitioner reasonable accommodations for his visual impairment. Pet., ECF No. 1 at 8. Specifically, petitioner claims that he was denied assistive devices, and that because he cannot read documents without using such devices, he was unable to effectively investigate his indictment. Pet'r's Appellate Br., ECF No. 8 at 38. Petitioner asserts that had his counsel made the "necessary efforts" to provide him with the "mandated" assistive devices, he would have challenged the use of his prior conviction of Assault in the Second Degree to enhance his sentencing for the instant offenses. Id. at 45.

Respondent argues that petitioner's ADA claim is not cognizable on habeas review. Resp't Aff. & Mem. of Law, ECF No. 7 at 35. This Court agrees. See Hoke v. Miller, No. 02-CV-0516, 2007 WL 2292992, at *6 (N.D.N.Y. Aug. 6, 2007) ("[an ADA] claim would not be cognizable in this case"); see also Nelson v. Shinn, No. CV-21-00040, 2021 WL 2012696, at *1, *2 (D. Ariz. May 20, 2021) (adopting Magistrate Judge's finding that petitioner's claim

---

[9] Section 504 of the Rehabilitation Act provides that "'no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under' any program or activity that either receives Federal financial assistance or is conducted by any Executive agency or the United States Postal Service. Each Federal agency has its own set of section 504 regulations that apply to its own programs. Agencies that provide Federal financial assistance also have section 504 regulations covering entities that receive Federal aid. Requirements common to these regulations include reasonable accommodation for employees with disabilities; program accessibility; effective communication with people who have hearing or vision disabilities; and accessible new construction and alterations." A Guide to Disability Rights Laws, ada.gov/cguide.htm (last visited November 15, 2022).

alleging a violation of the ADA is not cognizable on habeas review); <u>Shaholli v. Deangelo-Kipp</u>, No. 17-13184, 2020 WL 2745303, at *8 (E.D. Mich. May 27, 2020) (finding that petitioner's claim concerning the alleged violation of his rights under the ADA is "inappropriate for a habeas corpus case" and not cognizable on habeas review) (quoting <u>Lowe v. Bear</u>, No. CIV 17-406, 2019 WL 1756283, at *3 (E.D. Okla. April 19, 2019)) <u>Meyers v. Hedgpeth</u>, No. C 11-5327, 2014 WL 1995466, at *4 (N.D. Cal. May 15, 2014) (claims alleging violations of the ADA are not cognizable on habeas review because the ADA is not a federal constitutional provision or guarantee). Petitioner's ADA claim is not cognizable on habeas review.

Respondent notes that petitioner also argues his counsel was ineffective based on his ADA claim, Resp't Aff. & Mem. of Law, ECF No. 7 at 34, but petitioner fails to demonstrate that his counsel's performance fell below an objective standard of reasonableness. As respondent notes, petitioner does not identify any authority requiring counsel to be trained under the ADA or the Rehabilitation Act. Resp't Aff. & Mem. of Law, ECF No. 7 at 36. Petitioner failed to raise to the Court that he was unable to understand any documents, such as his indictment or RAP, due to his visual impairment or otherwise, during his plea or sentencing proceedings. Notably, counsel read petitioner's written waiver of appeal aloud during petitioner's plea proceeding. Tr. of Pet'r's Plea Proceeding, ECF No. 8 at 9–10. There is no basis for relief based on ineffective assistance of counsel.

## CONCLUSION

Accordingly, it is respectfully recommended that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 should be denied. As petitioner has not made a substantial showing of the denial of any constitutional right, no certificate of appealability should issue. 28 U.S.C. § 2253; <u>see</u> <u>Lozada v. United States</u>, 107 F.3d 1011, 1017 (2d Cir. 1997), <u>abrogated on</u>

other grounds by United States v. Perez, 129 F.3d 255, 259–60 (2d Cir. 1997) (discussing the standard for issuing a certificate for appealability). It is further recommended that for purposes of an appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a) that any appeal from a judgment denying this petition would not be taken in good faith. Coppedge v. United States, 369 U.S. 438 (1962).

## FILING OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Any request for an extension of time in which to file objections must be made within the fourteen-day period. Failure to timely file an objection to the Report and Recommendation generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

SO ORDERED.

                                                             /S/  
                                                 LOIS BLOOM  
                                                 United States Magistrate Judge

Dated: April 10, 2023  
       Brooklyn, New York